**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**


**VINCENT PAM**                                                                      **PETITIONER**
**REG. #23349-044**


**v.**                                      **2:09-cv-00093-JMM-JJV**


**T. C. OUTLAW,**
**Warden, FCI-Forrest City**                                              **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a
        hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Petitioner, Vincent Pam, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2). Respondent filed a Motion to Dismiss (Doc. No. 10). For the reasons that follow, the petition should be DISMISSED with prejudice.

### I.      Procedural History

Petitioner was arrested by Missouri state authorities on March 31, 2006, on a state charge of Unlawful Possession of a Weapon, Assault in the 1st Degree, and Felonious Restraint. This conduct forms the basis for Petitioner's state and federal charges. On July 27, 2006, Petitioner was indicted in the United States District Court for the Eastern District of Missouri on one count of Felon in Possession of a Firearm. Petitioner remained in state custody from the time of his arrest until the conclusion of serving his state sentence.

While he remained in state custody, on a few occasions Petitioner was transferred to federal custody for the disposition of matters in his federal case. As is customary, he was always transferred back to state custody at the conclusion of his federal hearings. On August 28, 2006, Petitioner was

temporarily released to the United States Marshal Service pursuant to a federal writ.  He was also temporarily released to the United States Marshal on October 19, 2006, for hearings on motions to compel and suppress and later on November 16, 2006, to enter a guilty plea.  Petitioner was subsequently released to the United States Marshal on February 2, 2007, for sentencing.

At sentencing, the Honorable Donald J. Stohr sentenced Petitioner to 45 months in the Bureau of Prisons (BOP).  At the time of his federal sentencing, Petitioner's state case was still pending.  Therefore, no issue arose regarding whether Petitioner's federal sentence would run concurrently or consecutively to any state sentence he might receive.  Following his federal sentencing hearing, Petitioner was returned to state custody and the federal judgment was filed as a detainer with the Missouri Department of Correction.

On February 5, 2007, Petitioner appeared in state court and entered a guilty plea to Unlawful Use of a Weapon.  The state court imposed a sentence of four years incarceration in the Missouri Department of Corrections.   On June 5, 2007, Petitioner was paroled from state custody to the United States Marshal Service for commencement of his federal sentence.

On July 20, 2009, Petitioner filed his § 2241 petition in this Court.  Petitioner first contends that he is "entitled to 6 months and 27 days of jail time credit for time served based upon his calculations from the date his initial sentence was imposed until he was transferred into federal custody" under § 5G1.3 of the United States Sentencing Guidelines.  Petitioner also argues he "was entitled to a *nunc pro tunc* designation of the state facility as a place of confinement for service of his federal sentence."   Petitioner states that "upon entry into the Bureau of Prisons (BOP) [he] requested a *nunc pro tunc* designation of the state facility as a place of confinement due to the state court ordering its case to be ran concurrent to the federal case."

**II.    Discussion**

Petitioner seeks credit for the time he was sentenced by the federal court, February 2, 2007, through the date he was received into federal custody for service of his current federal sentence, August 29, 2007.  This period of time for which Petitioner seeks credit toward his federal sentence is time he was mainly in state custody serving his four year sentenced imposed by the Missouri court.  While Petitioner advances a logical case, the law does not allow him the ability to obtain his requested relief.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Therefore, Petitioner's federal sentence began to toll on June 5, 2007, the date he was paroled, and not on his sentencing date, February 2, 2007.  Although Petitioner had been ordered to serve a 45-month sentence on February 2, 2007, Petitioner was still in state custody on this date awaiting the disposition of his state charges.  Simply put, Petitioner is not entitled to receive jail-time credit for the time he spent in state custody awaiting his federal sentence to begin.

According to Petitioner's Sentence Monitoring Computation Data, his sentence was correctly computed beginning on the day he was paroled to the federal system, June 5, 2007.  With a 45-month sentence beginning on June 5, 2007, and "good time credit" having been applied, a release date of September 9, 2010, appears to be correct.

Petitioner also argues that he is entitled to *nunc pro tunc* designation of the state facility as a place of confinement for service of his federal sentence.  In reviewing the BOP's decision to deny Petitioner's requested *nunc pro tunc* designation, the Court first notes the applicable standard of review.  The BOP's decision is reviewed "for abuse of the agency's substantial discretion under 18

4

U.S.C. § 3621." *Fegans v. United* States, 506 F.3d 1101, 1105 (8th Cir. 2007). The scope of this review is "limited," and the BOP's findings are "entitled to substantial deference." *Id*.

Under 18 U.S.C. § 3584(a), "when a federal defendant is 'already subject' to 'an undischarged term of imprisonment," [§ 3584] expressly authorizes the district court to make the federal sentence run 'concurrently or consecutively' with the undischarged term."[1] *Fegans*, 506 F.3d at1103 (8th Cir. 2007). *See also* U.S.S.G. § 5G1.3; *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006). If the court is silent, then under § 3584(a) there is a presumption that the sentences are consecutive. 18 U.S.C. § 3584(a).

However, § 3584 does not discuss whether federal courts are permitted to order a federal sentence to be served concurrently or consecutively in a scenario, like this one, where the state sentence was not imposed at the time of the federal sentencing. *Fegans*, 506 F.3d at 1103. Circuits are split over the issue of whether § 3584 permits federal courts to run a federal sentence concurrently with a yet-to-be imposed state sentence. *Id*. at 1104. The Eighth Circuit has held that "a consecutive sentence may be imposed, consistent with the last sentence of § 3584(a)." *Id*. *See United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001). Because of this split in circuit law, the BOP has been authorized to "determine concurrency" through a *nunc pro tunc* designation of the

---

[1]Title 18 U.S.C. § 3584(a) provides:

**(a) Imposition of concurrent or consecutive terms.** If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

state prison as the place of federal confinement when the federal district court lacks power to do so."
*Id*.

The Attorney General, through the BOP, is responsible for designating the "official detention facility" where a federal prisoner will serve his sentence, and for computing how much credit should be awarded for any time spent in custody prior to commencement of the sentence. *United States v. Wilson*, 503 U.S. 329, 331, 334-35 (1992); *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007); *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), cert. denied, 549 U.S. 1152 (2007); see 18 U.S.C. §§ 3621(a) & (b), 3585.

Under 18 U.S.C. § 3621(b), the Bureau of Prisons is charged with designating the place of the prisoner's imprisonment.  The BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise, and whether within or without the judicial district in which the person was convicted . . ."  18 U.S.C. § 3621(b).  The BOP is given broad discretion in its designation as long as it considers the five factors set forth in 18 U.S.C. § 3621(b).  *Fegans*, 506 F.3d at 1103; *Fults v. Sanders*, 442 F.3d 1088, 1090-91 (8th Cir. 2001).  These five factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of Title 28.  *See* 18 U.S.C. § 3621(b)(1-5).

When a federal defendant is already serving a state sentence, the BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of

federal confinement, so that the clock would start to tick on the federal sentence." *Fegans*, 506 F.3d at 1103 (citations omitted).  The BOP has established Program Statement 5160.05 ("the Program Statement") which specifies procedures the BOP must follow when an inmate has requested *nunc pro tunc* designation of a state institution for service of his federal sentence.  *Id*. at 1104.  Under paragraph 8 of the Program Statement, the BOP may only make a *nunc pro tunc* designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."  BOP Program Statement 5160.05 at ¶ 8.

Petitioner claims he is entitled to *nunc pro tunc* designation "due to the state court orders its case to be ran concurrent to the federal case."  Regardless of the state court's intention that the sentences should be concurrent, "[i]t is well-settled that the state court's action raises the defendant's expectations but does not resolve the issue."  *Fegans*, 506 F.3d at 1104; *See Hendrix v. Norris*, 81 F.3d 805, 807 (8th Cir. 1996).

In this case, while the state court ordered that Petitioner's sentences run concurrently, the federal district court was intentionally silent on the issue.  When Petitioner requested his retroactive designation from the BOP, the Federal Bureau of Prisons sent a letter to United States District Judge Donald J. Stohr seeking clarification as to his position on a retroactive designation in Petitioner's case.  Judge Stohr responded that he had "no position on the issue of retroactive designation, and would leave the matter to the discretion of the Bureau of Prisons."  From the documents submitted by the parties in this case, it appears the BOP conducted a thorough 18 U.S.C. § 3621(b) review of Petitioner's request for *nunc pro tunc* designation to the Missouri Department of Corrections for service of his federal sentence.  Based partly on Judge Stohr's silence on the issue of retroactive designation, the BOP found no evidence that Judge Stohr intended the sentences to be concurrent.  Therefore, the BOP, acting in accordance with its own Program Statement, denied Petitioner's

request.  Furthermore, in reviewing the BOP's decision to deny Petitioner's requested *nunc pro tunc* designation, it is apparent that the BOP considered each of the five required factors.

Understandably, Petitioner strongly disagrees with the BOP determination that his sentence should run consecutively to his state sentence.  Yet, on this record, this Court cannot conclude that the BOP has engaged in an abuse of discretion in rendering their decision.  To the contrary, it appears the BOP has followed all of the necessary steps, including contacting the federal sentencing court, in rendering a proper decision.

Also included in Petitioner's argument are the assertions that "[t]he district court failed to use the entire U.S.S.G. Manual in effect at the time of Petitioner's sentencing on the current charge where the prior offense was used in arriving at the base offense level on the current charge" and "[t]his action seeks habeas corpus relief based upon the Court's duty to consider the 'entire' U.S.S.G. Manual in effect at the time of Petitioner's sentencing, which it failed to do."  To the extent that this argument attacks the validity of Petitioner's sentence rather than how the sentence is executed, they are not properly before the court.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005);  *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

## III.    Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. No. 10) is GRANTED.  Petitioner's Petition (Doc. No. 2) is DISMISSED  with prejudice and the relief requested is DENIED.

IT IS SO ORDERED this 22nd day of September, 2009.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE